UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

ISAAC GOINS, JR.                                    CIVIL ACTION NO. 07-0409

VS.                                                 SECTION P

LOUISIANA BOARD OF PAROLE                           JUDGE MINALDI

                                                    MAGISTRATE JUDGE WILSON

REPORT AND RECOMMENDATION

Before the court is a pleading styled, "Motion to Expedite Parole Revocation Hearing"
filed on or about March 5, 2007 by *pro se* litigant Isaac Goins, Jr.  Goins seeks an order of this
court directing the Louisiana Parole Board to convene a "speedy revocation hearing" or, in the
alternative, to dismiss the revocation hearing for want of prosecution.

This matter was referred to the undersigned for review, report, and recommendation in
accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the
following reasons it is recommended that the Motion be **DENIED** and **DISMISSED.**

*Statement of the Case*

Goins is an inmate in the custody of the United States Bureau of Prisons (BOP). He is
incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO) where he is serving
a 9-year prison term imposed on July 19, 2002,  following his convictions for conspiracy to
possess with intent to distribute 50 grams or more of cocaine base and aiding and abetting the
possession with intent to distribute 50 grams or more of cocaine base in the United States District
Court for the Southern District of Texas in the matter entitled *United States of America v. Isaac
Goins*, No. 4:01-cr-00843.

Goins claims that the Louisiana Board of Parole filed a parole revocation warrant or detainer indicating its desire to revoke his Louisiana parole status.  (Goins  was paroled from the physical custody of the Louisiana Department of Public Safety and Corrections on November 9, 1999 [doc. 1-1, p. 4].  He was on parole when he was convicted of the federal offenses in Texas.)

He claims that the detainer adversely affects the conditions of his current federal incarceration by inhibiting his opportunity to participate in rehabilitation programs and other benefits offered by the BOP at FCIO.

Goins claims that he is entitled to a "speedy revocation hearing" and asks the court to "issue an order in the nature of a bench warrant, or writ of *habeas corpus ad prosequendum* directing . . . the [Louisiana] Department of Public Safety and Corrections . . . to . . . produce . . . [him] before [the] Parole Board within 30 days . . . so that a speedy parole revocation hearing may be accorded".   In the alternative he prays that the court dismiss the parole revocation proceeding "for want of prosecution."

***Procedural History of the Claims***

 On February 23, 2004, Goins filed a petition for writ of *habeas corpus* (28 U.S.C. §2241) in the United States District Court for the Eastern District of Texas. In that petition he argued identical claims and likewise sought a speedy revocation hearing .  On March 10, 2004 that court transferred the action to the United States District Court for the Middle District of Louisiana noting as follows:

> Petitioner does not assert that his current federal confinement is unlawful.
> Instead, he asserts Louisiana authorities have failed to hold a hearing to determine
> whether he violated the terms of his release on parole. As petitioner's quarrel is
> with Louisiana authorities, the court is of the opinion that this petition should be
> transferred to a forum where a Louisiana state inmate would pursue a petition for

2

writ of habeas corpus. As it is not clear what parish petitioner was convicted in,
this petition will be transferred to the United States District Court for the Middle
District of Louisiana.

See *Isaac Goins, Jr. v. U.P. Childress, Warden and the Louisiana Board of Parole*, No. 1:04-cv-
00119 (E.D. Tex.).

In due course the matter was transferred to the United States District Court for the Middle

District of Louisiana.  That court determined that petitioner was on parole (or probation) as a

result of 1991 convictions in the Fourteenth Judicial District Court, Calcasieu Parish.  On May

10, 2004 Chief Judge Frank J. Polozola then determined that the Middle District lacked

jurisdiction since petitioner was neither convicted nor confined in that District. Since his court

lacked jurisdiction to proceed, Judge Polozola ordered the case returned to the Eastern District of

Texas.  *Isaac Goins, Jr. v. Warden Childress, et al.*, No. 3:04-cv-00219 (M.D.La.).  The case was

returned to the United States District Court for the Eastern District of Texas pursuant to Judge

Polozola's order. On May 17, 2004 the federal court in Texas transferred the matter to this court

for further proceedings.  *Isaac Goins, Jr. v. Warden Childress, et al.*, No. 1:04-cv-00279 (E.D.

Tex.).

The matter was duly  transferred to this court and on August 4, 2004, the undersigned

authored a Report recommending dismissal of the petition.  In that Report, the undersigned

observed,

> *Habeas corpus* relief is available to a person who is in custody in violation of the
> Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). Thus,
> federal *habeas corpus* review is limited to errors of constitutional dimension.
> *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998); *Mayo v. Lynaugh*, 882
> F.2d. 134, 137 (5th Cir. 1989); *Johnson v. Puckett*, 176 F.3d. 809, 819 (5th Cir.
> 1999).
>      In this petition, the petitioner argues that his right to due process has been
> violated by the failure of the State of Louisiana to give him a speedy revocation
> hearing on the parole violation charge. He claims that the detainer interferes with

his participation in rehabilitative programs while in federal prison and precludes the concurrent running of his state parole with his federal sentence. However, the petitioner's present confinement and consequent liberty loss are a result of his 2001 federal conviction, not the outstanding parole violator detainer which has been lodged against him by the State of Louisiana.  Thus, the mere lodging of the parole violator warrant against petitioner has not deprived him of a constitutionally protected liberty interest sufficient to invoke due process protections. *Moody v. Daggett*, 97 S.Ct. 274, 280 (1976); *Carchman v. Nash*, 105 S.Ct. 3401, 3409, n.10 (1985)('This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing.'); *Christensen v. Zavaras*, 166 F.3d 346 (Table), 1998 WL 796123 (10th Cir. 1998); *Moultrie v. State of Georgia*, 464 F.2d 551, 552 (5th Cir. 1972) ('the right to a speedy trial is not applicable to parole revocation proceedings'); *Cox v. Feldkamp*, 438 F.2d 1 (5th Cir. 1971). Further, there is no federal statutory right to a speedy disposition of a parole violation charge under Article III of the Interstate Agreement on Detainers. *Carchman v. Nash*, 105 S.Ct. At 3409-3411.

See *Isaac Goins, Jr. v. Warden Childress*, et al No. 2:04-cv-1340 at doc. 11.

Goins did not object to the Report and Recommendation, and on September 14, 2004 United States District Judge Patricia Minaldi concluded that the findings and conclusions set forth above were entirely correct and ordered that the petition be denied and dismissed.  *Isaac Goins, Jr. v. Warden Childress*, et al No. 2:04-cv-1340 at doc. 12.

Goins  has merely repackaged his previous *habeas corpus* petition and labeled it a "Motion to Expedite Parole Hearing."  He has added nothing new by way of fact, law, or argument in support of his claims for relief.  He has not shown that his custody violates the Constitution, laws, or treaties of the United States; he has not shown the existence of a federal Constitutional right to a speedy probation or parole revocation hearing. *See also Robinson v. Mississippi State Board of Probation and Parole*, 2007 WL 325795 (S.D. Miss. 2007). Therefore, for the reasons previously supplied in *Isaac Goins, Jr. v. Warden Childress*, et al No. 2:04-cv-1340 at doc. 11,

4

**IT IS RECOMMENDED THAT** Isaac Goins, Jr.'s Motion to Expedite Parole Hearing be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, May 30, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

5